UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| U.S. BANK NATIONAL ASSOCIATION, | Case No. 2:16-CV-2570 JCM (CWH) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| BLACKHAWK HOMEOWNERS ASSOCIATION, et al. | |
| Defendant(s). | |

Presently before the court is defendant Blackhawk Homeowners Association's (the "HOA") motion to dismiss (ECF No. 29), in which defendant 6329 Rolling Rose Trust ("RR Trust") joined (ECF No. 32). Plaintiff U.S. Bank, N.A. ("US Bank") filed a response (ECF No. 31), to which the HOA replied (ECF No. 33).

**I.    Facts**

This case involves a dispute over real property located at 6329 Rolling Rose Street #101, North Las Vegas, NV 89081 (the "property"). On November 7, 2005, Tyson and Lorilai Headlee obtained a loan in the amount of $179,862.00 to purchase the property, which was secured by a deed of trust recorded on November 15, 2005. (ECF No. 1).

The deed of trust was assigned to US Bank via an assignment of deed of trust recorded September 3, 2009. (ECF No. 1).

On November 8, 2011, Alessi & Koenig, LLC ("A&K"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of $5,014.98. (ECF No. 1). On March 16, 2012, A&K recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $3,407.24. (ECF No. 1).

On May 21, 2013, A&K recorded a notice of trustee's sale, stating an amount due of $8,292.28. (ECF No. 1). On October 9, 2013, the HOA purchased the property at the foreclosure sale for $11,094.61. (ECF No. 1). A trustee's deed upon sale in favor of the HOA was recorded on October 23, 2013. (ECF No. 1).

Thereafter, the HOA quitclaimed the property to RR Trust via quitclaim deed recorded October 24, 2013. (ECF No. 1).

On November 4, 2016, US Bank filed the underlying complaint, alleging four causes of action: (1) quiet title/declaratory judgment against the HOA and RR Trust; (2) breach of NRS 116.1113 against the HOA; (3) wrongful foreclosure against the HOA; and (4) injunctive relief against RR Trust. (ECF No. 1).

On June 5, 2017, RR Trust filed a counterclaim against US Bank for quiet title and injunctive relief. (ECF No. 28).

In the instant motion, the HOA moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 29).

## II.     Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

James C. Mahan
U.S. District Judge

- 2 -

*Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. Quiet Title[1]

In the instant motion, the HOA argues that US Bank failed to sufficiently state a quiet title claim. (ECF No. 29). The court agrees.

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v.*

---

[1] The 2015 Legislature revised Chapter 116 substantially. 2015 Nev. Stat., ch. 266. Except where otherwise indicated, the references in this order to statutes codified in NRS Chapter 116 are to the version of the statutes in effect in 2011–13, when the events giving rise to this litigation occurred.

James C. Mahan
U.S. District Judge

- 3 -

*Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Section 116.3116(1) of the NRS gives an HOA a lien on its homeowners' residences for unpaid assessments and fines. Nev. Rev. Stat. § 116.3116(1). Moreover, NRS 116.3116(2) gives priority to that HOA lien over all other liens and encumbrances with limited exceptions—such as "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

The statute then carves out a partial exception to subparagraph (2)(b)'s exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investment Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").

Chapter 116 of the Nevada Revised Statutes permits an HOA to enforce its superpriority lien by nonjudicial foreclosure sale. *Id*. at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

The holder of a first deed of trust may pay off the superpriority interest to keep its interest from being extinguished upon foreclosure of an HOA superpriority lien. *See SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, U.S. Bank could have paid off the SHHOA lien to avert loss of its security . . . ."); *see also 7912 Limbwood Ct. Trust v. Wells Fargo Bank, N.A., et al.*, 979 F. Supp. 2d 1142, 1149 (D. Nev. 2013) ("If junior lienholders want to avoid this result, they readily can preserve their security interests by buying out the senior lienholder's interest."

**James C. Mahan**
**U.S. District Judge**

- 4 -

(citing *Carillo v. Valley Bank of Nev.*, 734 P.2d 724, 725 (Nev. 1987); *Keever v. Nicholas Beers Co.*, 611 P.2d 1079, 1083 (Nev. 1980))).

Subsection (1) of NRS 116.31166 provides that the recitals in a deed made pursuant to NRS 116.31164 of the following are conclusive proof of the matters recited:

> (a) Default, the mailing of the notice of delinquent assessment, and the recording of the notice of default and election to sell;
> (b) The elapsing of the 90 days; and
> (c) The giving of notice of sale[.]

Nev. Rev. Stat. § 116.31166(1)(a)–(c).[2] "The 'conclusive' recitals concern default, notice, and publication of the [notice of sale], all statutory prerequisites to a valid HOA lien foreclosure sale as stated in NRS 116.31162 through NRS 116.31164, the sections that immediately precede and give context to NRS 116.31166." *Shadow Wood Homeowners Assoc. v. N.Y. Cmty. Bancorp., Inc.*, 366 P.3d 1105 (Nev. 2016) ("*Shadow Wood*"). Nevertheless, courts retain the equitable authority to consider quiet title actions when a HOA's foreclosure deed contains statutorily conclusive recitals. *See id.* at 1112.

Pursuant to *SFR Investments*, NRS 116.3116, and the recorded foreclosure deed, the validly conducted foreclosure sale extinguished US Bank's deed of trust. Nevertheless, courts retain the equitable authority to consider quiet title actions when a HOA's foreclosure deed contains statutorily conclusive recitals. *See id.* at 1112. "When sitting in equity . . . courts must consider the entirety of the circumstances that bear upon the equities. This includes considering the status and actions of all parties involved, including whether an innocent party may be harmed by granting the desired relief." *Id.*

---

[2] The statute further provides as follows:

> 2. Such a deed containing those recitals is conclusive against the unit's former owner, his or her heirs and assigns, and all other persons. The receipt for the purchase money contained in such a deed is sufficient to discharge the purchaser from obligation to see to the proper application of the purchase money.
>
> 3. The sale of a unit pursuant to NRS 116.31162, 116.31163 and 116.31164 vests in the purchaser the title of the unit's owner without equity or right of redemption.

Nev. Rev. Stat. § 116.31166(2)–(3).

**James C. Mahan**
**U.S. District Judge**

- 5 -

Based on the allegations set forth in the complaint, the court finds that US Bank has failed to sufficiently state a quiet title claim. US Bank's complaint does not allege that it tendered the amount due prior to the foreclosure sale so as to preserve its interest in the property. Rather, US Bank merely alleges that the recorded notices contained deficiencies. This allegations, however, are insufficient in light of the recorded trustee's deed upon sale in favor of the HOA.

Further, while US Bank's complaint alleges that NRS Chapter 116 violates US Bank's due process rights, the Nevada Supreme Court disagrees. *See Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017).

In light of the foregoing, US Bank has failed to sufficiently state a quiet title claim against the HOA and RR Trust. Based on the facts set forth in US Bank's complaint, the foreclosure sale extinguished the deed of trust. Thus, US Bank has failed to allege that its interest in the property is superior to that of the HOA's/RR Trust's interest.

Accordingly, the HOA's motion to dismiss will be granted without prejudice as to US Bank's quiet title claim.

### B. NRS 116.1113

Claim (2) of US Bank's complaint alleges that the HOA violated NRS 116.1113, which imposes an obligation of good faith in every contract or duty governed by Chapter 116. (ECF No. 1). For relief, US Bank seeks damages in the amount of either the property's fair market value or the unpaid principal on the loan as of the date of the HOA sale. (ECF No. 1).

Because claim (2) is a claim for damages based on the alleged breach of a statutory duty, it must be brought within three years. *See* Nev. Rev. Stat. § 11.190(3)(a). The foreclosure sale took place on October 9, 2013. US Bank brought this lawsuit more than three years later, on November 4, 2016. Therefore, claim (2) is time-barred, and the HOA's motion to dismiss will be granted as to this claim.

### C. Wrongful Foreclosure

Claim (3) of US Bank's complaint alleges that the foreclosure sale was wrongful because the HOA failed to give proper notice and an opportunity to cure the deficiency, and the HOA sold the property for a grossly inadequate amount. (ECF No. 1). US Bank seeks damages in the amount

James C. Mahan
U.S. District Judge

of the property's fair market value or the unpaid principal loan balance as of the time of the foreclosure sale. (ECF No. 1).

A tortious wrongful foreclosure claim "challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559. A&K's authority to foreclose on the HOA lien on behalf of the HOA arose from Chapter 116, essentially rendering count three a claim for damages based on liability created by a statute. Therefore, claim (3) is likewise time-barred under NRS 11.190(3)(a) because it was not brought within three years.

Accordingly, the HOA's motion to dismiss will be granted without prejudice as to claim (3).

### D. Injunctive Relief

Claim (4) is dismissed without prejudice because the court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 29) be, and the same hereby is, GRANTED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that US Bank's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

DATED July 20, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**